**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-50942
Summary Calendar
_____


LIFE PARTNERS, INC.,

                              Plaintiff-Appellant,

                    VERSUS

          ZURICH AUSTRALIA LIMITED,

                              Defendant-Appellee.


_____

Appeal from the United States District Court
for the Western District of Texas
(W-98-CV-255)
_____

March 12, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Life Partners, Inc. ("Life Partners"), sued Zurich Australia Limited for proceeds on a life insurance policy it had purchased from decedent Peter Wilson. The district court dismissed the matter on the ground that there was no *in personam* jurisdiction over Zurich. Finding no error, we affirm.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

In 1987, Wilson purchased a life insurance policy from Zurich. Wilson was a citizen and resident of Australia, and Zurich was an Australian company headquartered there. Zurich had no subsidiaries incorporated or qualified to do business in the United States.

At some point, Wilson moved to Texas, and in 1994, while still living there, sold the policy to Life Partners, a viatical settlement company, incorporated and domiciled in Texas, that purchases life insurance policies from terminally ill policyholders. As per Australian law, Zurich did not refuse this transfer. Shortly thereafter, Wilson moved back to Australia and died in 1995. Because of alleged omissions in Wilson's insurance application, Zurich has refused to honor the policy.

## II.

The parties do not dispute the controlling law or the district court's formulation of it. Where the parties part company is over the application of the law to the facts. Because none of the operative facts is in dispute, we review *de novo*. *See Felch v. Transportes Lar-Mex S.A. de C.V.*, 92 F.3d 320, 324 (5th Cir. 1996).

### A.

*In personam* jurisdiction requires (1) that the forum state's long arm statute must authorize jurisdiction over the party and (2) that exercise of jurisdiction must comport with the requirements of the Due Process Clause. *Stuart v. Spademan*, 772

2

F.2d 1185, 1189 (5th Cir. 1985). Because Texas's long arm statute reaches as far as is constitutionally allowed, *see Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 373 (5th Cir. 1987), our inquiry is limited to whether the requirements of the Constitution have been met, *see Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 777 (5th Cir. 1986). This is the plaintiff's burden. *Rittenhouse v. Mabry*, 832 F.2d 1380, 1382 (5th Cir. 1987).

There are two species of *in personam* jurisdiction consistent with due process: "specific jurisdiction" and "general jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Specific jurisdiction exists if the claim arises out of defendant's purposeful contacts with the forum state and the exercise of specific jurisdiction over the defendant is fair and reasonable. *Burger King*, 471 U.S. at 477-78. These requirements ensure that a defendant is on notice, or had "fair warning," that he can be sued in the forum state based on his contacts with it. *Id*. It is not the number of contacts that is determinative, but the nature of them. *Bean Dredging Corp. v. Dredge Tech. Corp.*, 744 F.2d 1081, 1083 (5th Cir. 1984).

Zurich came into contact with Texas solely through Wilson's unilateral actions. Wilson purchased his policy while still living in Australia but subsequently moved to Texas. While in Texas, he sold the policy to Life Partners, a Texas corporation. Zurich's acquiescence to this Texas sale was mandated as a matter of Australian law and serves as Zurich's only contact with Texas.

In *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), the Court plainly addressed the situation before us when it held:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.

Later, the Court elaborated that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1986). Because Zurich did not "purposefully avail" itself of Texas's benefits, but rather was introduced to Texas by Wilson's unilateral, unanticipated actions, an exercise of specific jurisdiction over Zurich would have been unconstitutional. *See id.*[1]

"General jurisdiction" exists when a defendant's contacts with the forum state are sufficiently "continuous and systematic."

---

[1] Life Partners's strongest case in support of its specific jurisdiction argument is *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957), in which the Court, noting the "trend . . . [of] expanding the permissible scope of state jurisdiction over foreign corporations" because of "the fundamental transformation of our national economy," permitted California to exercise jurisdiction over a Texas insurance company whose only contacts with California were through the presence of the insured. *See McGee*, 355 U.S. at 222-23. Two significant differences between *McGee* and the instant case make *McGee* distinguishable: (1) In *McGee*, the out-of-state *defendant* affirmatively sought out and assumed responsibility for the insurance policy in question and was not brought into contact with the forum state merely through the unilateral actions of another; and (2) in *McGee*, the defendant was incorporated in another state and thus had ties to the United States; Zurich conversely has no ties to this country and is incorporated in a foreign nation. For the importance of this second distinction, *see Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1986).

4

*Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Life Partners's only evidence in this regard concerns the activities of Zurich's parent and sister[2] corporations, but no amount of contacts between these corporations and Texas can give rise to Texas's jurisdiction over Zurich, because "[s]o long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983). Life Partners has offered no "proof of control by the parent over the internal business operations and affairs of the subsidiary," a requirement for the imputation of a parent's contacts with the forum state to its subsidiary. *See Hargrave*, 710 F.2d at 1160. As a result, the record is devoid of any basis for finding general jurisdiction.

AFFIRMED.

---

[2] By "sister corporations" we refer to other subsidiaries of Zurich's parent.